CHARLES I. EPSTEIN, ESQ. (#003451987)
27 Warren Street, Suite 304
Hackensack, NJ 07601
Tel: 201-489-7600
Attorney for Defendants, Joseph Schwartz,
Broadway Health and Rehab LLC, Heritage
of Hot Springs Health and Rehab LLC,
Jonesboro Health and Rehab LLC, and
Saratoga Center for Care LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

US FOODS INC.,

                Plaintiff,

v.

SKYLINE HEALTHCARE INC., JOSEPH SCHWARTZ, BROADWAY HEALTH and REHAB LLC, HERITAGE of HOT SPRINGS HEALTH and REHAB LLC, JONESBORO HEALTH and REHAB LLC, SARATOGA CENTER FOR CARE LLC, *et al.*,

                Defendants.

Civil Action No. 18-CV-15414 (JLL) (JAD)

Hon. Jose L. Linares

**ANSWER**

Defendants, **JOSEPH SCHWARTZ, BROADWAY HEALTH and REHAB LLC, HERITAGE of HOT SPRINGS HEALTH and REHAB LLC, JONESBORO HEALTH and REHAB LLC, and SARATOGA CENTER FOR CARE LLC**, by and through their attorney, by way of Answer to the Complaint of Plaintiff say:

### THE PARTIES

1.    Defendants, **JOSEPH SCHWARTZ ("SCHWARTZ"), BROADWAY HEALTH and REHAB LLC ("BROADWAY"), HERITAGE of HOT SPRINGS HEALTH and REHAB LLC ("HERITAGE"), JONESBORO HEALTH and REHAB LLC**

(4051)

("**JONESBORO**"), and **SARATOGA CENTER FOR CARE LLC** ("**SARATOGA**") (collectively, "Answering Defendants"), lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 1, and leave Plaintiff to its proofs.

2. Defendants **BROADWAY, HERITAGE, JONESBORO, and SARATOGA** ("Entity Defendants"), lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, admits that Defendant, **SKYLINE**, is a limited liability company, with a Place of Business at 505 Marlboro Road, Wood Ridge, New Jersey; admits that he is a New York Resident; admits that he is the Sole Member of Skyline, and denies that Defendant, **SKYLINE**, owns the Health Care Facilities set forth in Plaintiff's Complaint.

3. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, admits that Defendant, **BUYSKYLINE**, is a limited liability company with a Place of Business at 505 Marlboro Road, Wood Ridge, New Jersey, admits that he is a New York Resident, and admits that he is the Sole Member of Defendant, **BUYSKYLINE**.

4. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, admits the allegations of Paragraph 4.

5. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5, and leave Plaintiff to its proofs, except that Defendant, **SCHWARTZ**, admits that Defendant, **AUGUSTYNIAK**, was the Chief Financial Officer for Defendant, **SKYLINE**.

6. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6-9, 11-27, 29, 31-56, and 58-72; and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, admits that the Defendants designated in Paragraphs 6-9, 11-27, 29, 31-56, and 58-72 are each a limited liability company in the States specified, admits the address of each principal place of business for each Defendant designated in Paragraphs 6-9, 11-27, 29, 31-56, and 58-72; admits that Defendant, **JOSEPH SCHWARTZ**, is the Sole Member of each Defendant designated in Paragraphs 6-9, 11-27, 29, 31-56, and 58-72; denies that Defendant, **SKYLINE**, managed the finances of each Defendant designated in Paragraphs 6-9, 11-27, 29, 31-56, and 58-72; and denies the balance of Paragraphs 6-9, 11-27, 29, 31-56, and 58-72.

7. Defendants, **HERITAGE, JONESBORO, and SARATOGA**, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9, and leave Plaintiff to its proofs. Defendants, **BROADWAY and SCHWARTZ**, admit that Defendant, **BROADWAY**, is an Arkansas limited liability company with a Principal Place of Business as set forth in Paragraph 9; admit that Defendant, **JOSEPH SCHWARTZ**, is the Sole Member of Defendant, **BROADWAY**; and deny that Defendant, **SKYLINE**, managed Defendant, **BROADWAY'S**, finances. Defendants, **BROADWAY and SCHWARTZ**, deny the balance of Paragraph 9.

8. Defendants, **BROADWAY, JONESBORO, and SARATOGA**, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, and leave Plaintiff to its proofs. Defendants, **HERITAGE and SCHWARTZ**, admit that Defendant, **HERITAGE**, is an Arkansas limited liability company with a Principal Place of Business as set forth in Paragraph 28; admit that Defendant, **SCHWARTZ**, is the Sole Member

of Heritage; and deny that Defendant, **SKYLINE**, managed Defendant, **HERITAGE'S**, finances.  Defendants, **HERITAGE and SCHWARTZ**, deny the balance of Paragraph 9.

9. Defendants, **BROADWAY, HERITAGE, and SARATOGA**, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30, and leave Plaintiff to its proofs.  Defendants, **JONESBORO and SCHWARTZ**, admit that Defendant, **JONESBORO**, is an Arkansas limited liability company with a Principal Place of Business as set forth in Paragraph 30, admit that Defendant, **SCHWARTZ**, is the Sole Member of Defendant, **JONESBORO**, and deny that Defendant, **SKYLINE**, managed Defendant, **JONESBORO'S**, finances.  Defendants, **JONESBORO and SCHWARTZ**, deny the balance of Paragraph 30.

10. Defendants, **BROADWAY, HERITAGE, and JONESBORO**, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 57, and leave Plaintiff to its proofs.  Defendants, **SARATOGA and SCHWARTZ**, admit that Defendant, **SARATOGA**, is a New York limited liability company with a Principal Place of Business as set forth in Paragraph 57, admit that Defendant, **SCHWARTZ**, is the Sole Member of Defendant, **SARATOGA**, and deny that Defendant, **SKYLINE**, managed Defendant, **SARATOGA'S**, finances.  Defendants, **SARATOGA and SCHWARTZ**, deny the balance of Paragraph 57.

## JURISDICTION AND VENUE

11. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 73, and leave Plaintiff to its proofs.

12. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 74, and leave Plaintiff to its proofs.

13. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 75, and leave Plaintiff to its proofs.

## GENERAL ALLEGATIONS

14. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 76, and leave Plaintiff to its proofs.

15. As their Answer to Paragraph 77, Entity Defendants admit submitting a Customer Account Application and lack knowledge or information sufficient to form a belief as to the truth or falsity of the balance of Paragraph 77, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the balance of Paragraph 77, and leaves Plaintiff to its proofs.

16. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 78, and leave Plaintiff to its proofs.

17. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 79, and leave Plaintiff to its proofs.

18. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 80, and leave Plaintiff to its proofs.

19. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 76, and leave Plaintiff to its proofs.

20. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 82, and leave Plaintiff to its proofs.

21. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 83, and leave Plaintiff to its proofs.

22. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 84, and leave Plaintiff to its proofs, except that Defendant, **SCHWARTZ**, admits that the Nebraska Facilities were placed into Receivership.

23. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 85, and leave Plaintiff to its proofs, except that Defendant, **SCHWARTZ**, admits that the Kansas Facilities were placed into Receivership.

24. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 86 and leave Plaintiff to its proofs, except that Defendant, **SCHWARTZ**, admits that the South Dakota Facilities were placed into Receivership.

25. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 87, and leave Plaintiff to its proofs.

26. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 88, and leave Plaintiff to its proofs.

## COUNT I
## BREACH OF CONTRACT – SKYLINE

27. Answering Defendants repeat and reallege each and every Answer to Paragraphs 1 to 88, and make the same a part hereof as if set forth herein at length.

28. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 90, and leave Plaintiff to its proofs.

29. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 91, and leave Plaintiff to its proofs.

30. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 92, and leave Plaintiff to its proofs.

31. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 93, and leave Plaintiff to its proofs.

32. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 94, and leave Plaintiff to its proofs.

## COUNT II
## ACCOUNT STATED – SKYLINE

33. Answering Defendants repeat and reallege each and every answer to Paragraphs 1 to 94, and make the same a part hereof as if set forth herein at length.

34. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 96, and leave Plaintiff to its proofs.

35. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 97, and leave Plaintiff to its proofs.

36. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 98, and leave Plaintiff to its proofs.

37. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 99, and leave Plaintiff to its proofs.

38. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 100, and leave Plaintiff to its proofs.

## COUNT III
## BREACH OF CONTRACT – BUYSKYLINE

39. Answering Defendants repeat and reallege each and every Answer to Paragraphs 1 to 100, and make the same a part hereof as if set forth herein at length.

40. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 102, and leave Plaintiff to its proofs.

41. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 103, and leave Plaintiff to its proofs.

42. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 104, and leave Plaintiff to its proofs.

43. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 105, and leave Plaintiff to its proofs.

44. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 106, and leave Plaintiff to its proofs.

45. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 107, and leave Plaintiff to its proofs.

46. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 108, and leave Plaintiff to its proofs.

## COUNT IV
## BREACH OF CONTRACT - HEALTH CARE FACILITIES

47. Answering Defendants repeat and reallege each and every answer to Paragraphs 1 to 108, and make the same a part hereof as if set forth herein at length.

48. Entity Defendants admit the allegations of Paragraph 110, and Defendant, **SCHWARTZ**, lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 110, and refers to the Terms and Conditions of the Agreements alleged by Plaintiff, which speak for themselves.

49. Answering Defendants deny the allegations of Paragraph 111, and refer to the Terms and Conditions of the Agreements alleged by Plaintiff, which speak for themselves.

50. Answering Defendants deny the allegations of Paragraph 112, and refer to the Terms and Conditions of the Agreements alleged by Plaintiff, which speak for themselves.

51. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 113, and leave Plaintiff to its proofs.

52. Answering Defendants deny the allegations of Paragraph 114, and refer to the Terms and Conditions of the Agreements alleged by Plaintiff, which speak for themselves.

53. Answering Defendants deny the allegations of Paragraph 115, and refer to the Terms and Conditions of the Agreements alleged by Plaintiff, which speak for themselves.

<u>**COUNT V**</u>
<u>**FAILURE TO PAY PACA TRUST FUNDS -**</u>
<u>**SKYLINE, BUYSKYLINE AND HEALTH CARE FACILITIES**</u>

54. Answering Defendants repeat and reallege each and every answer to Paragraphs 1 to 115, and make the same a part hereof as if set forth herein at length.

55. Answering Defendants admit the allegations of Paragraph 117, but deny that PACA is applicable to Plaintiff's claims against them.

56. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 118, and leave Plaintiff to its proofs.

57. Answering Defendants deny the allegations of Paragraph 119 to the extent those allegations assert claims against Answering Defendants.

58. Answering Defendants deny the allegations of Paragraph 120 to the extent those allegations assert claims against Answering Defendants.

59. Answering Defendants deny the allegations of Paragraph 121 to the extent those allegations assert claims against Answering Defendants.

60. Answering Defendants deny the allegations of Paragraph 122 to the extent those allegations assert claims against Answering Defendants.

61. Answering Defendants deny the allegations of Paragraph 123 to the extent those allegations assert claims against Answering Defendants.

62. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 124, and leave Plaintiff to its proofs.

63. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 125, and leave Plaintiff to its proofs.

64. Answering Defendants deny the allegations of Paragraph 126 to the extent those allegations assert claims against Answering Defendants.

65. Answering Defendants deny the allegations of Paragraph 127 to the extent those allegations assert claims against Answering Defendants.

66. Answering Defendants deny the allegations of Paragraph 128 to the extent those allegations assert claims against Answering Defendants.

### COUNT VI
### UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL - SCHWARTZ AND AUGUSTYNIAK

67. Answering Defendants repeat and reallege each and every answer to Paragraphs 1 to 129, and make the same a part hereof as if set forth herein at length.

68. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 130, and leave Plaintiff to its proofs.

69. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 131, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, denies the allegations of Paragraph 131.

70. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 132, and leave Plaintiff to its proofs.

71. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 133, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, denies the allegations of Paragraph 133, to the extent the allegations are directed against him.

72. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 134, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, denies the allegations of Paragraph 134, to the extent the allegations are directed against him.

73. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 135, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, denies the allegations of Paragraph 135, to the extent the allegations are directed against him.

74. Entity Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 136, and leave Plaintiff to its proofs. Defendant, **SCHWARTZ**, denies the allegations of Paragraph 136, to the extent the allegations are directed against him.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

The Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) is not applicable to Plaintiff's claims against Answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**WHEREFORE,** Defendants, **JOSEPH SCHWARTZ, BROADWAY HEALTH and REHAB LLC, HERITAGE of HOT SPRINGS HEALTH and REHAB LLC, JONESBORO HEALTH AND REHAB LLC, and SARATOGA CENTER FOR CARE LLC**, demand Judgment dismissing Plaintiff's Complaint, for counsel fees and costs of suit to be taxed, and for such other relief as the Court may deem appropriate.

Dated: January 23, 2019              By: _____
                                         Charles I. Epstein
                                         Attorney for Defendants, Joseph Schwartz,
                                         Broadway Health and Rehab LLC, Heritage
                                         of Hot Springs Health and Rehab LLC,
                                         Jonesboro Health and Rehab LLC, and
                                         Saratoga Center for Care LLC

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other Court, Arbitration or Administrative Proceedings.

Dated: January 23, 2019                By: _____
                                       Charles I. Epstein
                                       Attorney for Defendants, Joseph Schwartz,
                                       Broadway Health and Rehab LLC, Heritage
                                       of Hot Springs Health and Rehab LLC,
                                       Jonesboro Health and Rehab LLC, and
                                       Saratoga Center for Care LLC